# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:10-CV-027-RLV-DCK

| | |
|---|---|
| MATT JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND ORDER** |
| ) | **AND RECOMMENDATION** |
| RJM ACQUISITIONS LLC, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Leave To File Amended Complaint" (Document No. 10) filed on August 19, 2010, and Defendant's "Motion To Dismiss" (Document No. 9) filed on August 18, 2010. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and these motions are ripe for disposition. Having carefully considered the record, the motions, and applicable authority, the undersigned will order that the motion to amend be granted and recommend that the motion to dismiss be denied as moot.

## BACKGROUND

The docket sheet for this case reflects the Plaintiff filed his "Complaint" (Document No. 1-1) in the Superior Court of Iredell County, on February 16, 2010. Defendant filed a "Notice And Petition For Removal" (Document No. 1) on March 3, 2010, and an "Answer" (Document No. 2) to the Complaint on March 11, 2010. The Court filed Notice on March 12, 2010 that the parties were required to conduct an Initial Attorney's Conference pursuant to Local Rule 16.1; however, the parties did not file their Certificate of Initial Attorney's Conference until July 19, 2010. On July 20, 2010, the undersigned issued a "Pretrial Order And Case Management Plan" (Document No. 8)

which provides in part that discovery is due by February 2, 2011, and motions by March 3, 2011. As stated above, Defendant filed a motion to dismiss on August 18, 2010, and Plaintiff filed a motion to amend complaint on August 19, 2010.

## DISCUSSION

Plaintiff seeks to enter an "Amended Complaint" (Document No. 10-1) to add a cause of action based, at least in part, on information claimed to have only recently been discovered. (Document No. 10). Defendant opposes the motion to amend. (Document No. 12).

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure

> A party may amend its pleading once as a matter of course within:
> **(A)** 21 days after serving it, or
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) ... whichever is earlier.
> **(2)** ... In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a).

In this case more than twenty-one (21) days have passed since Defendant filed its Answer, although only one (1) day passed since Defendant's motion to dismiss. Nevertheless, pursuant to Fed.R.Civ.P. 15(a)(2), leave of the Court is required for Plaintiffs to amend. Ordinarily, the court "should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2); <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

> Granting leave to amend is a matter within the court's discretion, . . . but "the federal rules strongly favor granting leave to amend." . . ... The Fourth Circuit has held that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile."

Harley v. Chao, 503 F.Supp.2d 763, 770 (M.D.N.C. 2007).

It appears that little or no discovery has taken place thus far, and that important deadlines are still months away. Furthermore, there is not sufficient evidence of prejudice, bad faith, or futility to outweigh the policy favoring granting leave to amend. After careful consideration of the record and the motions, the undersigned finds that Plaintiff's amendment should be granted; however, barring extraordinary circumstances, further amendments to the complaint are unlikely to be allowed.

Therefore, because the undersigned will allow Plaintiff's Amended Complaint, which thus supersedes the previous Complaint, the undersigned will also respectfully recommend that Defendant's motion to dismiss (Document No. 9) be denied as moot. This recommendation is without prejudice to Defendant filing a motion to dismiss the Amended Complaint, if so desired.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("[t]he general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. Sept. 1, 2004) (Defendants' earlier motion to dismiss was rendered moot by the filing of Plaintiff's second amended complaint); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case

and any subsequent motion made by an opposing party should be directed at the amended pleading."); and see, e.g., Brown v. Sikora and Associates, Inc., 2008 WL 1751934 at *3 (4th Cir. 2008); Atlantic Skanska, Inc. v. City of Charlotte, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007); Hi-Tech, Inc. v. Rising, 2006 WL 1966663 at *3 (W.D.N.C. July 11, 2006).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion For Leave To File Amended Complaint" (Document No. 10) is **GRANTED**. The Clerk of Court shall create a separate docket entry for Plaintiff's "Amended Complaint" (Document No. 10-1) as of the date of this Order. Defendant shall answer or otherwise respond to the Second Amended Complaint on or before **October 15, 2010**.

**IT IS RESPECTFULLY RECOMMENDED** that Defendant's "Motion To Dismiss" (Document No. 9) be **DENIED AS MOOT**.

**SO ORDERED AND RECOMMENDED**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections

will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties, and the Honorable Richard L. Voorhees.

Signed: September 22, 2010

David C. Keesler
United States Magistrate Judge